UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 08bk10095 |
| | (Jointly Administered) |
| Kimball Hill, Inc., *et al.*, | |
| | Chapter 11 |
| Debtor. | |
| | Judge Timothy A. Barnes |
| KHI Liquidation Trust, | |
| Plaintiff, | |
| | Adversary No. 10ap00998 |
| v. | |
| C. Goshy Enterprises, Inc., | |
| Defendant. | |

TIMOTHY A. BARNES, Judge.

## MEMORANDUM DECISION

The matter before the court is the Motion for Summary Judgment (the "Motion") [Docket No. 33] of C. Goshy Enterprises, Inc. ("C. Goshy"), seeking summary judgment on the Amended Complaint To Avoid and Recover Avoidable Transfers and Disallow Claims (the "Amended Complaint") [Docket No. 21] filed by the Plaintiff, KHI Liquidation Trust (the "Liquidation Trust"). The Amended Complaint alleges causes of action under sections 547 and 548 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION

The federal district courts have "original and exclusive jurisdiction" of all cases under the Bankruptcy Code. 28 U.S.C. § 1334(a). The federal district courts also have "original but not exclusive jurisdiction" of all civil proceedings arising under the Bankruptcy Code, or arising in, or related to cases under title 11. 28 U.S.C. § 1334(b). District courts may, however, refer these cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

1

A bankruptcy judge to whom a case has been referred may enter final judgment on any core proceeding arising under the Bankruptcy Code, or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). A motion to avoid a preferential transfer under section 547 of the Bankruptcy Code arises in a case under title 11 and is specified as a core proceeding. 28 U.S.C. § 157(b)(2)(F); *KHI Liquidation Trust v. Wisenbaker Builder Services (In re Kimball Hill, Inc.)*, 08-BK-26779, 2012 WL 4867409 at *11 (Bankr. N.D. Ill. Oct. 12, 2012) (Barnes, J.); *Direct Response Media, Inc. v. Seaport Capital, LLC (In re Direct Response Media, Inc.)*, 466 B.R. 626, 646 (Bankr. D. Del. 2012). A motion to avoid and recover a fraudulent conveyance under sections 544(b), 548, and 550 of the Bankruptcy Code arises in a case under title 11 and is also specified as a core proceeding. 28 U.S.C. § 157(b)(2)(H); *Kimball Hill, Inc.*, 2012 WL 4867409 at *13, *DBSI, Inc. v. Swenson (In re DBSI, Inc.)*, 466 B.R. 664, 665–66 (Bankr. D. Del. 2012).

Accordingly, final judgment is within the scope of the court's authority.

PROCEDURAL HISTORY

In considering the Motion, the court has considered the arguments of the parties at the September 18, 2012 hearing (the "Hearing") and has reviewed and considered the Motion itself, the various attached exhibits submitted in conjunction therewith, as well as:

(1) The Complaint To Avoid and Recover Avoidable Transfers and Disallow Claims (the "Original Complaint") [Docket No. 1];

(2) The court's Order dated November 19, 2010 (the "Original Order") [Docket No. 20];

(3) The Amended Complaint;

(4) KHI Liquidation Trust's Response and Objections to C. Goshy Enterprises, Inc.'s Statement of Facts in Support of Motion for Summary Judgment and Statement of Additional Facts that Require the Denial of Summary Judgment (the "Response") [Docket No. 37]; and

(5) C. Goshy's Reply in Support of Motion for Summary Judgment (the "Reply") [Docket No. 39].

Though the foregoing items together do not constitute an exhaustive list of the filings in the above-captioned adversary proceeding, the court has taken judicial notice of the contents of the docket in this matter. *See Levine v. Egidi*, No. 93C188, 1993 WL 69146 at *2 (N.D. Ill. March 8, 1993), *In re Fin. Partners*, 116 B.R. 629, 635 (Bankr. N.D. Ill. 1989) (Sonderby, J.) (authorizing a bankruptcy court to take judicial notice of its own docket).

FACTUAL HISTORY

From the foregoing review and consideration, and for the purposes of determining whether summary judgment is warranted only, the court assumes the following facts to be true:[1]

(1) On August 14, 2007, C. Goshy and Kimball Hill TX Properties, L.L.C. ("TX Properties") contracted for C. Goshy to build a recreation center for $1,009,360.50 (the "Project"). Payments were to be made in stages with partial lien releases after each payment was received.

(2) On November 30, 2007, C. Goshy submitted the first application for payment in the amount of $208,611.00 to TX Properties (the "November Application").

(3) On January 3, 2008, C. Goshy received payment on account of the November Application. The check was issued by "Kimball Hill Homes" with an address in Houston, TX (the "January Payment").

(4) On January 21, 2008, C. Goshy submitted the second application for payment in the amount of $197,550.00 to TX Properties (the "January Application").

(5) On February 15, 2008, TX Properties merged (the "Merger") with Kimball Hill Homes Houston, L.P. ("KHH Houston").

(6) On February 22, 2008, C. Goshy received payment on account of the January Application. The check was issued by "Kimball Hill Homes" with an address in Houston, TX (the "February Payment").

(7) On March 3, 2008 and April 17, 2008, Kimball Hill Homes Texas, Inc. ("KHH Texas") issued change orders (the "Change Orders") to C. Goshy in connection with the Project.

(8) On April 23, 2008 (the "Petition Date"), Kimball Hill, Inc. and 29 of its affiliates (collectively, the "Debtors") filed voluntary petitions for bankruptcy relief. The Debtors include KHH Houston and KHH Texas.

(9) On April 25, 2008, the court entered an order providing for the joint administration of all of the cases pursuant to Federal Rule of Bankruptcy Procedure 1015.

(10) On April 30, 2008, pursuant to Texas state law, C. Goshy filed and recorded a lien affidavit regarding the Project. The affidavit indicates that TX Properties is the owner of the Project.

(11) On May 5, 2008, C. Goshy served copies of the lien affidavit on "Kimball Hill Homes" with an address in Houston, TX, and on Kimball Hill Properties, L.L.C.

---

[1] The court is not required to make findings of fact, but may assume undisputed and immaterial facts for the purpose of making a threshold inquiry as to whether a fact-finder may possibly resolve the issue in favor of either party. The factual determination of these facts may still be challenged at trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

(12) On August 1, 2008, C. Goshy filed a proof of claim in the case of KHH Houston, asserting a secured claim in the amount of $30,784.82 in connection with the Project.

(13) On March 12, 2009, the court confirmed the Joint Plan of Kimball Hill, Inc. and its Debtor Subsidiaries (the "Joint Plan"). The Joint Plan created the Liquidation Trust into which certain estate assets, claims, and rights were transferred. The Joint Plan also reserved the causes of action owned by any of the affiliates for adjudication by the Liquidation Trust.

(14) On March 24, 2009, the Joint Plan went effective. On that date, U.S. Bank National Association was appointed as the trustee for the Liquidation Trust (the "Trustee").

(15) On April 22, 2010, pursuant to the authority granted it in the Joint Plan and the trust agreement governing the Liquidation Trust, the Trustee commenced the above-captioned adversary by filing the Original Complaint against C. Goshy. The Original Complaint sought to avoid and recover $406,161.00 as preferences or, in the alterative, as fraudulent transfers (collectively, the "Avoidance Actions"), and seeking the disallowance of C. Goshy's claims until the transfers underlying the Avoidance Actions were recovered.

(16) On October 13, 2010, C. Goshy filed a motion to dismiss Count I – the preference avoidance action – of the Original Complaint.

(17) On November 19, 2010, the court granted in part and denied in part C. Goshy's motion to dismiss Count I.

(18) On November 30, 2010, the Liquidation Trust filed the Amended Complaint.

(19) On June 19, 2012, C. Goshy filed the Motion before the court today, requesting the court grant C. Goshy summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the preference action because C. Goshy was not a creditor of the Debtors, and on the fraudulent transfer action because the Debtors received reasonably equivalent value for the January Payment and the February Payment.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure requires that a court "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). Rule 56 mandates the entry of summary judgment if a party has failed to establish the existence of an element essential to the party's claim if that party would carry the burden on proof as to the element at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Delta Consulting Grp., Inc. v. R. Randle Const. Inc.*, 554 F.3d 1133 (7th Cir. 2009). Where the movant does not carry the burden of proof in relation to an element, the movant must only provide the basis for summary judgment and indicate where the non-moving party has failed to establish a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

4

A.  Count I – Preference

In Count I of the Amended Complaint, the Liquidation Trust seeks to avoid the February Payment as preferential. In order to succeed on Count I, the Liquidation Trust must prove five elements: (1) the transfer was to or for the benefit of a creditor; (2) the transfer was on account of an antecedent debt; (3) the debtor was insolvent at the time of the transfer; (4) the transfer was made within 90 days before the debtor filed its bankruptcy petition; and (5) the transfer enabled the creditor to receive more than it would have received had the debtor liquidated under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 547(b); *In re Energy Co-op., Inc.*, 832 F.2d 997, 999–1000 (7th Cir. 1987). The Liquidation Trust would carry the burden of proving each element of Count I – the preference action – in a trial and therefore must establish that a genuine issue of material fact exists in relation to the second required element of its preference action – that the February Payment from KHH Texas to C. Goshy was on account of an antecedent debt owed by KHH Texas.

In the Motion, C. Goshy argues that the Liquidation Trust has failed to establish the existence of the second element – that the transfer was on account of an antecedent debt – and of the fifth element – that the February Payment entitled C. Goshy to receive more than it would have in a Chapter 7 liquidation. In particular, the fact that the payment was made by one Debtor, KHH Texas, for an obligation owed by another, KHH Houston, appears to call into question these elements. *The Official Comm. of Unsecured Creditors of Enron Corp. v. Whalen (In re Enron Corp.)*, 357 B.R. 32, 48 (Bankr. S.D.N.Y. 2006).[2]

When the court granted C. Goshy's motion to dismiss Count I – the preference action – of the Original Complaint, the court also granted the Liquidation Trust leave to file an amended complaint and indicated that any amendment must identify which of the Debtors were indebted to C. Goshy at the time of the February Transfer. In the Amended Complaint, the Liquidation Trust seeks to address the foregoing multiple-Debtor challenge by alleging that KHH Texas made the February Payment on account of an antecedent debt that KHH Texas owed under an *implied contract* between KHH Texas and C. Goshy regarding the Project.

However, an express contract regarding the Project already existed between TX Properties and C. Goshy and both payments appear, for these purposes at least, to have been made per the contract.[3] Given the existence of an express contract for the Project, and that courts have

---

[2] The court has previously held that under the Joint Plan the claims of the Debtors were substantively consolidated and that the Liquidation Trust has the standing to pursue avoidance actions on behalf of any of the Debtors. *KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc. (In re Kimball Hill, Inc.)*, 449 B.R. 767, 778 (Bankr. N.D. Ill. 2011) (Sonderby, J.) ("Because those claims were placed with the Liquidation Trust for enforcement, it has standing to pursue them . . . ."); *In re Kimball Hill, Inc.*, 2012 WL 4867409 at *10. However, the court's ruling on the post-petition consolidation of interests for the purposes of standing does not shift the Liquidation Trust's burden of proof regarding the elements of the preference action. The Liquidation Trust still must establish that the February Payment was made on account of an antecedent debt owed by the transferor, KHH Texas, *at the time of the transfer*.

[3] The debt owed as a result of the contract and the January Application was a debt directly owed by TX Properties. As a result of the Merger of TX Properties and KHH Houston (the "Merger"), KHH Houston became obligated to pay all debt that TX Properties had previously incurred. The February Payment was issued after the Merger. Therefore, the February Payment made by KHH Texas was made on account of an antecedent debt held by KHH Houston, not KHH Texas.

5

repeatedly held that where an express contract exists, an implied contract may not exist, *Atlas Corp. v. United States*, 895 F.2d 745, 754 (Fed. Cir. 1990); *Baer v. Chase*, 392 F.3d 609, 617 (3d Cir. 2004); *Chase Manhattan Bank v. Iridium Africa Corp.*, 239 F.Supp.2d 402, 409 (D. Del. 2002) ("A party may assert the existence of an express contract and implied-in-fact contract only if the terms of the contracts alleged differ in some manner."), the Liquidation Trust must establish that the implied contract was different than the express contract, either in terms or subject matter. The Liquidation Trust has failed to allege facts that could support a finding that the implied contract between KHH Texas and C. Goshy was different than the express contract between TX Properties and C. Goshy for the Project. As a result, after entertaining oral argument at the Hearing, the court observed that the Liquidation Trust's implied contract theory fails.

Without the implied contract theory, the Liquidation Trust has failed – for the purposes of summary judgment – to establish the second required element of a preferential transfer as noted above. No facts appear at issue that would change this conclusion. As such, C. Goshy has met its burden under Rule 56 and *Celotex* to have summary judgment entered in its favor on Count I of the Amended Complaint. Given this conclusion, the court need not examine whether the Liquidation Trust has established the fifth element – that C. Goshy received more on account of the February Payment than it would have in a Chapter 7 liquidation.

B.   Count II – Fraudulent Transfer

In Count II of the Amended Complaint, the Liquidation Trust seeks to avoid both the January and February Payments (collectively, the "Payments") as fraudulent. In order to succeed on Count II, the Litigation Trust must prove four elements: (1) the transfer was of an interest of the debtor in property; (2) the transfer was within one year before the debtor filed its bankruptcy petition; (3) the debtor received less than a reasonably equivalent value in exchange for the transfer; and (4) the debtor was insolvent at the time of the transfer. *In re Randy*, 189 B.R. 425, 440 (Bankr. N.D. Ill. 1995) (Schmetterer, J.).

In the Motion, C. Goshy argues that the Liquidation Trust cannot establish the existence of the third element – that KHH Texas received less than a reasonably equivalent value in exchange for the Payments. In the Amended Complaint, the Liquidation Trust alleges that KHH Texas received less than a reasonable equivalent value for the Payments because, while C. Goshy released its liens on the Project in exchange for the Payments, the Project was owned by TX Properties (and after the Merger, KHH Houston), not KHH Texas. Thereby, KHH Texas did not receive a benefit by making the Payments.

For many of the same reasons the court has concluded that the Liquidation Trust has failed to establish Count I of the Amended Complaint, the court concludes that the Liquidation Trust has, however, shown that it may be able to establish Count II of the Amended Complaint. As noted above, neither the contract for the Project, the November Application, nor the December Application appear to bear any relation to KHH Texas other than they were with an affiliate of KHH Texas. All name TX Properties as the owner of the Project. While, after the Merger, KHH Houston appears to have possessed all property that TX Properties had previously held, the Merger did not appear to transfer any rights or interests to KHH Texas. KHH Houston remained the owner of the Project until the Joint Plan transferred the Project to the Liquidation Trust. On these alleged facts alone, it appears that C. Goshy's Motion fails.

      C. Goshy contends, however, that even if KHH Texas did not own the Project, the court may find that KHH Texas received an indirect benefit from C. Goshy's release of its liens on the Project because KHH Texas was an indirect parent of TX Properties and, after the Merger, KHH Houston. C. Goshy argues that an indirect benefit flowed up through the corporate structure to KHH Texas.

      The court heard oral argument on this indirect benefit theory at the Hearing. In that argument, C. Goshy did not show the amount of such benefit (so as to determine if the benefit was reasonably equivalent) or, that any such benefit flowed to KHH Texas at all. Neither party was able to provide the court with evidence regarding the organizational structure in relation to TX Properties prior to the Merger to establish the existence of a benefit for the January Payment. Nor was either party able to provide evidence establishing the valuations of the companies in the relevant organizational structure at the time of the Transfers to establish the amount of such benefit.[4]

      For these reasons, the court finds that the Liquidation Trust has established that a genuine factual dispute exists as to the value KHH Texas received in regards to the Payments, if any, and C. Goshy is not, therefore, entitled to judgment as a matter of law. Under Rule 56 and *Celotex*, therefore, summary judgment on Count II is not warranted.

## CONCLUSION

      For all the foregoing reasons, the court concludes that the Motion can and will be granted as to Count I – the preference action – and must be denied as to Count II – the fraudulent transfer action.

      A separate order will be issued, concurrent with this Memorandum Decision, granting in part and denying in part the Motion.

Dated: November 19, 2012      ENTERED:

                                                  Timothy A. Barnes
                                                  United States Bankruptcy Judge

---

[4] These are but examples of factors that, if occurring, might show a benefit to KHH Texas. There may be others. For the purposes of summary judgment, however, the court need only determine that a genuine factual dispute exists and need not exhaustively consider what those facts may be.